UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case<br>) No. 05-71238-fra13 |
| DANIEL ALLEN DOYLE and<br>VICTORIA LYNN DOYLE, | )<br>) |
| Debtors. | ) MEMORANDUM OPINION<br>) |

## BACKGROUND

Daniel Doyle was a State Representative for Oregon, winning election to office in 2000, 2002, and 2004. He resigned from the Oregon Legislature in 2005, however, in light of allegations of campaign finance law violations during the 2004 election cycle. In September 2005, Mr. Doyle and his wife, Victoria Doyle, pled guilty in Circuit Court to felony counts of "False Statement Under the Election Laws."

On October 12, 2005, the Debtors filed a joint bankruptcy petition under Chapter 13. Approximately two weeks later, on October 28, 2005, the Oregon Secretary of State Elections Division issued separate proposed civil penalty notices against Mr. and Mrs. Doyle for the alleged violations of campaign finance law. The civil penalties addressed

MEMORANDUM OPINION - 1

violations of ORS 260.232 for failure to report certain contributions and/or expenditures and alleged violations of ORS 260.407 for converting campaign funds for personal use. The Elections Division asserts that the total claim for civil penalties under these two statutes is $128,789.79. A Chapter 13 plan followed and was submitted to the court on November 3, 2005. The Elections Division filed an objection to confirmation of the Debtors' chapter 13 plan. It asserts that, as of the date of the petition, the Debtors' noncontingent, liquidated, unsecured debt, when the civil penalties are combined with other debt, is in excess of $307,675.00 - the chapter 13 threshold limit of 11 U.S.C. § 109(e).

A confirmation hearing was held on January 24, 2006. The Elections Division argued that the Debtors are ineligible for chapter 13 relief and the Debtors countered that the civil penalties were not liquidated at the petition date. The parties were invited to provide post-hearing memoranda and the matter was taken under advisement.

ISSUES

1) Do the civil penalties imposed by the Elections Division, in whole or in part, constitute noncontingent and liquidated debts for purposes of Code § 109(e)?

2) If so, do total unsecured debts exceed the chapter 13 threshold limitation of Code § 109(e)?

DISCUSSION

11 U.S.C. § 109(e)

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 . . . or an individual with regular income and such individual's spouse . . . that owe, on the date of the

MEMORANDUM OPINION - 2

filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $307,675 . . . may be a debtor under chapter 13 of this title.

### Contingent

A debt is noncontingent at the petition date if all events giving rise to liability occurred prior to the debtor's bankruptcy filing. In re Brown, 302 B.R. 913, 916 (Bankr D. Or. 2003). A debt is contingent if it does not become an obligation until the occurrence of a future event. "The concept of contingency relates to the time or circumstances under which the liability arises" and "does not mean the same as judgment or remedy." Mazzeo v. USA (In re Mazzeo), 131 F.3d 295, 303 (2d Cir. 1997)(internal citations omitted). It is, instead, a condition of being obligated to answer for a claim and does not depend on whether the claim has been reduced to judgment. Id.

The violations of campaign finance law, for which civil penalties were assessed against the Debtors, occurred prior to the petition date. At the petition date, the Debtors were "obligated to answer" for the claim, even though the Election Division had yet to issue its notices of proposed civil penalties. The claim was noncontingent at the petition date.

### Liquidated

A debt is liquidated if "the amount of the debt is readily determinable." In re Slack, 187 F.3d 1070, 1073 (9th Cir. 1999). Ready determination depends on "whether the amount due is fixed or certain or otherwise ascertainable by reference to an agreement or by a computation." In re Nicholes, 184 B.R. 82, 89 (BAP 9th Cir. 1995).

MEMORANDUM OPINION - 3

"Whether a debt is subject to 'ready determination' depends on whether the amount is easily calculable or whether an extensive hearing is needed to determine the amount of the debt." In re Ho, 274 B.R. 867, 873 (BAP 9th Cir. 2002). Generally, disputes as to the debtor's liability for a debt do not render a debt unliquidated unless the dispute precludes the ready determination of a debt. In re Ho, 274 B.R. at 875 (citing Nicholes at 90-91).

For Chapter 13 eligibility purposes, the total amount of noncontingent, liquidated, unsecured debt cannot exceed $307,675.00. In their petition, the Debtors scheduled $223,733.00 of such debt, excluding civil penalties imposed by the Elections Division. A determination that civil penalties greater than $83,942.00 were liquidated at the petition date will render Debtors ineligible for Chapter 13 relief.

### Personal Use Penalties

"Personal Use" penalties imposed under ORS 260.407 total $35,054.47 and reflect Debtors' conversion of campaign funds for personal use. Personal Use penalties are assessed at $75 for the first offense, $150 for the second offence, and each succeeding offense is penalized at $250. While the matrix for violations is clear enough, a determination as to whether a particular payment should be characterized as made for a prohibited personal use is, as the Elections Division clarified, based on the totality of the circumstances. Based on circumstances which it believed showed that Mr. Doyle's campaign records could not be trusted, the Elections Division chose to treat all checks which did not show the name of the payee and the amount and purpose of each expenditure, or were otherwise "irregular" in some way, as personal use expenditures.

MEMORANDUM OPINION - 4

While the penalty matrix for Personal Use penalties could be easily used by the court in a hearing to determine the amount of the claim, the identification of personal use expenditures would present a more difficult problem. As the Elections Division stated, it based its determination as to what constituted an impermissible expenditure on the totality of the circumstances. Because there is no presumption of impermissibility with regard to types of checks written[1], in a hearing before the court, the court would be required to go through each expenditure using documentary and testimonial evidence to determine its purpose. Personal Use penalties thus would not have been capable of "ready determination" at the petition date and cannot be described as liquidated.

### New Transactions Penalties

"New Transactions" penalties assessed against the Debtors under ORS 260.232 total $93,735.32. These penalties reflect Debtors' failure to report certain contributions and/or expenditures on their campaign finance reports. Penalties for New Transactions are assessed

> at 1% per business day of the dollar amount of the addition, deletion or change for each individual new transaction, beginning on the day following the new transaction deadline and accruing daily up to 100 business days. The penalty will not exceed the amount of the change or the applicable maximum penalty, whichever is less. In the case of the inability to reconcile the committee's accounts, the penalty is the amount of the difference between the committee's cash balance on the most recently filed contribution and expenditure report and the bank balance. If the new transaction is the direct result of an error by an elections filing officer, the violation is waived and no penalty is assessed.

---

[1] State of Oregon Post-Hearing Brief, p. 5, line 20.

MEMORANDUM OPINION - 5

2004 Oregon Campaign Finance Manual, page 106. The penalty matrix also defines maximum penalties, which are dependent on the amount of contributions or expenditures which were omitted.

The failure to report contributions and expenditures to and from a campaign is determined by comparing cancelled checks, bank statements, and ledgers to the campaign finance report filed by the campaign committee. The penalty matrix is applied to omitted contributions and expenditures to determine assessed penalties. I find that the calculation of such penalties could be made without the need for an extensive hearing and the New Transaction penalties were thus "readily determinable" at the petition date.

Debtors state in their post-hearing memorandum[2] that the Elections Division relied on ORS 260.345(8) to impose penalties for years 2000 and 2002, when it would otherwise have been limited to the 2004 campaign year. That provision provides that a filing officer must impose penalties within two years of the later of the alleged violation or the election for which alleged violations occurred. However, the time period is increased to five years in certain circumstances, including where a filing officer has not proceeded within two years because of fraud, as the filing officer in this case testified. The fact that the Debtors may thereafter contest the basis for the Election Division's ability to impose penalties for 2000 and 2002 does not render the debt unliquidated. The fact that a claim may be disputed does not "per se exclude the claim from the eligibility calculation under § 109(e), since a disputed claim

---

[2] Memorandum of Law In Support of Confirmation, p.5, lines 15-22.

MEMORANDUM OPINION - 6

is not necessarily unliquidated. So long as a debt is subject to ready determination and precision in computation of the amount due, then it is considered liquidated and included for eligibility purposes under § 109(e), regardless of any dispute." In re Nicholes, 184 B.R. 82, 90-91 (BAP 9th Cir. 1995). The Elections Division made its determination that alleged violations were based on fraud[3]. The fact that Debtors may have a potential defense to liability does not render the claim unliquidated. See In re Sulvester, 19 B.R. 671, 673 (BAP 9th Cir. 1982).

## CONCLUSION

The Court finds that penalties imposed by the Elections Division in the amount of $93,735.32 were liquidated at the petition date. When combined with other scheduled noncontingent, liquidated, unsecured debts, the total exceeds the chapter 13 threshold limitation of Bankruptcy Code § 109(e). Accordingly, confirmation of Debtor's chapter 13 plan of reorganization is denied.

Because Debtors do not qualify to be debtors in chapter 13, the case will be automatically dismissed in 21 days unless the Debtors file a motion prior to that date to convert to another chapter. An order will be entered by the court consistent with the foregoing.

FRANK R. ALLEY, III
Bankruptcy Judge

---

[3] The Penalty Summary Notice (Exh. 1, page 1 to the Elections Division Objection to Confirmation) is dated September 8, 2005, meaning the determination that violations were based on fraud occurred prior to the petition date.

MEMORANDUM OPINION - 7